UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL SPEARS** | **CIVIL ACTION No. 3:14-cv-00231** |
| **VERSUS** | **JUDGE deGRAVELLES** |
| **C B & I, Inc.** | **MAG. JUDGE BOURGEOIS** |

**ORDER AND REASONS**

*I. Background*

Before the Court is Defendant's Rule 12(c) Motion for Judgment on the Pleadings (Doc. 8). In his complaint, plaintiff Carl Spears alleges that he suffered damages by virtue of Defendant's conduct in violation of 42 U.S.C. §§ 1981 and 2000e-2 as well as "the Louisiana Anti-Discrimination [and] Anti-Retaliation Laws." (Doc. 1, *1).

Plaintiff alleges three separate incidents support this general allegation: first, after being hired by Defendant as a pipefitter on October 5, 2013, and before being discharged on October 29, 2013, he was "given absolutely no essential work assistance/support to the point where the lack of work support may have caused a fire hazard, while all of the similarly situated white employees were given the proper work assistance and were assigned to much easier work tasks."
(Doc. 1, §6).

Second, he alleges that on October 29, 2013, he was discharged by Piping Supervisor Henry Garzer "for allegedly poor work performance while at the same time, white employees who were similarly situated were not discharged for performing work in substantially the same manner as plaintiff." (Doc. 1, §7)

-1-

Finally, he alleges that on January 8, 2014, he returned to work for C B & I by way of employment agency job placement but "Henry Garza (sic)...refused to let plaintiff even begin work at the facility despite the fact the plaintiff was qualified to do the assigned work. It is respectfully alleged that white employees who were similarly situated were in fact allowed to begin work on January 8, 2014, without any obstruction or interference from Henry Garza." (Doc. 1, §8)

Defendant argues that none of these factual allegations in any way support Plaintiff's broad allegation of age discrimination and retaliation. Defendant further argue that the plaintiff's allegations regarding race discrimination are conclusory and insufficient to meet the requirements necessary to survive its motion.

## II. Standard on Motion to Dismiss

In *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007), the Supreme Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'

*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Interpreting Rule 8(a) and *Twombly*, the Fifth Circuit explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (emphasis added). Later, in *In re Great Lakes Dredge & Dock Co. LLC.*, 624 F.3d 201, 210 (5th Cir. 2010), the Fifth Circuit explained:

> To avoid dismissal [under Fed.R.Civ.P. 12(b)(6)], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. [*Doe v. Myspace,* 528 F.3d 413, 418 (5th Cir. 2008)] (citing [*Hughes v. Tobacco Inst., Inc.*, 278, 278 F.3d 417, 420 (5th Cir. 2001)]). We do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir.2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005)); *see also Iqbal*, 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

*Id.* at 215.

Analyzing the above case law, our brother in the Western District stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257, *Twombly*, 555 U.S. at 556, 127

S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D.La. Feb. 9, 2011) (citation omitted).

Afterward, in *Harold H Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011), the Fifth Circuit explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

*Id.* at 796. Finally, in *Thompson v. City of Waco, Texas*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit recently summarized the Rule 12(b)(6) standard as thus:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502-503 (citations and internal quotations omitted).

### *III. Law and Analysis*

First, Defendant is correct that Plaintiff has pleaded no facts which support his allegation of age discrimination or retaliation. While Plaintiff's allegations of discrimination based on race (Doc. 1, §§ 6-9), might perhaps have provided more detail, nonetheless, the Court finds that these allegations on their face contain enough factual matter (taken as true) to raise a reasonable

hope or expectation that discovery will reveal relevant evidence of each element of a claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (emphasis added).

Therefore, as to Plaintiff's allegations of age discrimination and retaliation, Defendant's Motion is **GRANTED IN PART** and the allegations of age discrimination and retaliation are **DISMISSED WITHOUT PREJUDICE**. As to these allegations, Plaintiff is given 30 days within which to amend his complaint to cure these deficiencies. In the event that Plaintiff fails to file an amendment to his complaint within that time, his claims of age discrimination and retaliation will be dismissed with prejudice. In all other respects, Defendant's Motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>October 27, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**