# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CARL SPEARS**  **CIVIL ACTION**

**VERSUS**  **NO. 14-231-JWD-RLB**

**CB&I, INC.**

## ORDER

Before the court is Defendant's Second Supplemental and Renewed Motion to Compel (R. Doc. 39) filed on May 28, 2015. Defendant requests the court to compel Carl Spears ("Plaintiff") to comply with this court's orders dated April 2, 2015 (R. Doc. 33) and May 18, 2015 (R. Doc. 37).

Also before the court is Defendants' Motion for Extension of Fact Discovery Deadline (R. Doc. 42) filed on July 2, 2015. Defendant requests the court "to extend the fact discovery deadline by 60 days – from July 31, 2015 through and including September 29, 2015" to obtain outstanding discovery responses from Plaintiff and to take Plaintiff's deposition. (R. Doc. 42 at 3).

Also before the court is a Motion for Leave to Provide Discovery Responses (R. Doc. 43) filed by Plaintiff's counsel, Anthony Terrell Marshall, on July 23, 2015. Plaintiff's counsel requests the court to provide him until July 27, 2015 to provide discovery responses on behalf of Plaintiff. (R. Doc. 43 at 1). Plaintiff's counsel represents that he did not have the mental or physical capacity to provide those responses earlier as his mother has been in a critical care unit for two months and died on July 17, 2015. (R. Doc. 43 at 1). There is nothing to indicate that Plaintiff is personally responsible for any of the conduct at issue. Instead, it appears to be solely the result of the conduct of Plaintiff's counsel.

Defendant propounded the discovery requests at issue on December 17, 2014. (R. Doc. 30-3 at 9, 21). Defendant has made several attempts to obtain discovery responses without court intervention. (R. Docs. 30-4, 30-5, and 30-6). Plaintiff's counsel represented to defense counsel that the discovery responses would be delivered by February 6, 2015 (R. Doc. 30-7). Despite this representation, the discovery responses were not produced at the time Defendant filed its original Motion to Compel. (R. Doc. 30-1 at 4).

On April 2, 2015, the court granted in part Defendant's Motion to Compel (R. Doc. 30) and ordered Plaintiff to provide responses to Defendant's Interrogatories and Requests for Production no later than April 4, 2015. (R. Doc. 33 at 2). This order was based on a specific representation by Plaintiff's counsel that he would meet with Plaintiff and provide responses to the outstanding discovery through electronic delivery on April 4, 2015. (R. Doc. 33 at 2; *see* R. Doc. 32-1 at 1). According to Defendant, Plaintiff and his counsel failed to comply with this order. (R. Doc. 35 at 1).

On May 18, 2015, the court granted Defendant's Supplemental and Renewed Motion to Compel (R. Doc. 35) and ordered Plaintiff to provide responses to Defendant's Interrogatories and Requests for Production of Documents, without objections, no later than May 25, 2015. (R. Doc. 37 at 2). The court also awarded reasonable attorney's fees to Defendant, and ordered Defendant to file an affidavit of reasonable expenses incurred in bringing its Renewed Motion to Compel no later than June 1, 2015. (R. Doc. 37 at 2-3). Plaintiff was ordered to provide any such response no later than June 7, 2015. (R. Doc. 37 at 3).

The court held a telephone conference on May 26, 2015 and Plaintiff's counsel failed to make himself available for the call. (R. Doc. 40). The court ordered Plaintiff's counsel to show cause, in writing, no later than June 4, 2015, why sanctions should not be imposed for his failure

to attend the telephone conference. The court granted leave to make such a filing under seal, if necessary, considering the potentially sensitive nature of the information at issue. (R. Doc. 40 at 1-2).[1] The court further reminded Plaintiff's counsel that the court's previous orders regarding discovery in this matter (R. Docs. 33, 37) remain in full effect and continued failure to comply with those orders will result in the imposition of sanctions, including any sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure. (R. Doc. 40 at 2).

On June 1, 2015, defense counsel submitted an affidavit of expenses incurred in bringing Defendant's Motion to Compel (R. Doc. 30) and Supplemental Motion to Compel (R. Doc. 35). (R. Doc. 41). Defense counsel represents that they spent a total of 9.1 attorney hours drafting the original Motion to Compel, at a total cost of $1,382.50, and a total of 1 attorney hour preparing the Supplemental Motion to Compel, for a total of $271. (R. Doc. 41 at 2). In total, Defendant seeks recovery of $1,653.50 in sanctions in light of the court's order dated May 18, 2015 (R. Doc. 37) granting its Supplemental Motion to Compel (R. Doc. 35). Neither Plaintiff nor his counsel submitted any response addressing the reasonableness of the expenses sought by June 7, 2015, as required by the court's previous order. (R. Doc. 37 at 3). The court considers the affidavit uncontested.

While the court is deeply sympathetic for Plaintiff's counsel's loss of his mother, no explanation has been provided to the court why he did not respond to Defendant's written discovery within 30 days of being served on December 17, 2014, did not provide the responses by April 4, 2015 as represented to the court in response to Defendant's original motion to compel, and has otherwise ignored attempts at communication by defense counsel and this court's orders.

---

[1] Plaintiff's counsel has not responded to this order to show cause.

Plaintiff and his counsel remain under a continuing duty pursuant to this court's previous orders (R. Docs. 33, 37) to respond to Defendants' discovery requests. Accordingly, the court will grant Defendant's Second Supplemental Motion to Compel (R. Doc. 39) for the same reasons provided in its previous orders and will deny the Motion for Leave to Provide Discovery Responses on July 27, 2015 filed by Plaintiff's counsel (R. Doc. 43). No leave of court is required. Plaintiff and his attorney shall comply with this court's previous orders.

In light of the record, the court finds good cause for granting Defendants' request for an extension of the discovery deadline now set for July 31, 2015. Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). As discussed above, Plaintiff has not yet provided responses to Defendant's discovery requests propounded on December 17, 2014, despite Defendant's diligence in seeking such discovery and in filing motions to compel the production of such discovery. As Defendant sought written discovery nearly eight months ago and has been diligent in attempting to obtain responses, the court finds good cause in granting the extension requested to complete discovery, including taking the deposition of Plaintiff. Accordingly, the court will grant the extension requested, which will not require a continuance of any other deadlines or the trial.

**IT IS ORDERED** that Defendant's Second Supplemental and Renewed Motion to Compel (R. Doc. 39) is **GRANTED** for the same reasons provided in the court's previous orders

requiring Plaintiff to respond to the discovery at issue dated April 2, 2015 (R. Doc. 33) and May 18, 2015 (R. Doc. 37).

**IT IS FURTHER ORDERED** that Plaintiff's counsel, Anthony Terrell Marshall, shall pay the total of $1,653.50, the expenses incurred by Defendant in bringing its Motions to Compel as represented in the uncontested affidavit of expenses filed on June 1, 2015. (R. Doc. 41). This amount is awarded in light of the court's order dated May 18, 2015 (R. Doc. 37) granting Defendant's Supplemental Motion to Compel (R. Doc. 35).

**IT IS FURTHER ORDERED** that Plaintiff counsel's Motion for Leave to Provide Discovery Responses on July 27, 2015 (R. Doc. 35) is **DENIED**. Plaintiff and his counsel are under a continuing duty to provide responses to Defendants' discovery requests pursuant to this Order and the court's previous orders compelling discovery responses (R. Docs. 33, 37). No leave is needed.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Fact Discovery Deadline (R. Doc. 42) is **GRANTED.** The court's scheduling order is modified to provide that all non-expert discovery, including the filing of related discovery motions, must be completed by **September 29, 2015.**

Signed in Baton Rouge, Louisiana, on July 27, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**